UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff. | §<br>§<br>§ | |
| v. | §<br>§ | CRIMINAL NO. 2:18-454-5 |
| **VICTORIA RODRIGUEZ,**<br>    Defendant. | §<br>§<br>§ | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court are Defendant Victoria Rodriguez's letter motion for compassionate release (D.E. 144), Emergency Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) (D.E. 147), and letter motion for sentence reduction (D.E. 163), to which the Government has responded (D.E. 159). For the reasons stated below, the motions are **DENIED**.

**I. BACKGROUND**

In 2018, Defendant pled guilty to conspiracy to possess with intent to distribute more than 28 grams of a mixture or substance containing cocaine base. She has served 32 months (53%) of her 60-month sentence and has a projected release date, after good time credit, of January 16, 2023. Defendant now moves the Court to reduce her sentence to time served and/or order her release to home confinement because her age, ethnicity, and underlying medical conditions (hypertension, BMI of 50, and history of pneumonia) make her particularly vulnerable to severe illness or death should she contract COVID-19 in prison. She also complains about the conditions of confinement due to the COVID-19 pandemic and cites her family circumstances. Defendant's administrative requests for

1

compassionate release due to her COVID-19 risk factors were denied by the warden of FCI Tallahassee on January 15, 2021.

The Government opposes compassionate release because Defendant is fully vaccinated against COVID-19.

**II. LEGAL STANDARD**

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs

[the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

> **(A) Medical Condition of the Defendant.—**
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> > (I) suffering from a serious physical or medical condition,
> > (II) suffering from a serious functional or cognitive impairment, or
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(B) Age of the Defendant. –**
> The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
> **(C) Family Circumstances. –**
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(D) Other Reasons. –**
> As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than,

or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

**III. ANALYSIS**

Defendant is 36 years old and overweight. According to the Centers for Disease Control and Prevention's (CDC) most recent COVID-19 risk factor list, being "overweight (defined as a body mass index (BMI) > 25 kg/m$^2$ but < 30 kg/m$^2$) . . . can

5

make you more likely to get severely ill from COVID-19. The risk of severe COVID-19 illness increases sharply with elevated BMI." *People with Certain Medical Conditions*, CDC (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The Government "has acknowledged that an unvaccinated inmate who presents a medical risk factor identified by the CDC as increasing the risk of an adverse outcome from COVID-19, and who is not expected to recover from that condition, presents an extraordinary and compelling circumstance under that provision." D.E. 159, p. 13. Defendant, however, received her first dose of the COVID-19 Moderna vaccination on January 20, 2021, and her second dose on February 17, 2021. While the vaccine is not 100% effective at preventing COVID-19 infection, it substantially reduces the risk of serious illness or death from COVID-19, even in patients with high-risk medical conditions.[1]

Courts in this district have repeatedly denied compassionate release to high-risk inmates who have been vaccinated against COVID-19, "finding that 'vaccination significantly reduces [the] risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection.'" *See United States v. Beltran*, 2021 WL 398491, at *3

---

1. According to the CDC:

> Based on evidence from clinical trials, in people aged 18 years and older, the Moderna vaccine was 94.1% effective at preventing laboratory-confirmed COVID-19 infection in people who received two doses and had no evidence of being previously infected.
>
> The vaccine was also highly effective in clinical trials at preventing COVID-19 among people of diverse age, sex, race, and ethnicity categories and among people with underlying medical conditions.

*Moderna COVID-19 Vaccine Overview and Safety*, CDC (June 11, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html.

(S.D. Tex. Feb. 1, 2021) (Rainey, J.) (denying compassionate release to inmate with underlying health conditions who had received first COVID-19 vaccine dose) (quoting *United States v. Isidaehomen*, 2021 WL 243458, at *3 (N.D. Tex. Jan. 25, 2021)); *see also United States v. Schad*, 2021 WL 1845548, at *3 (S.D. Tex. May 5, 2021) (Rainey, J.) (denying compassionate release to fully vaccinated 32-year-old inmate with aortic valve transplant and history of cerebrovascular disease); *United States v. Fisch*, 2021 WL 1537274, at *1 (S.D. Tex. Apr. 19, 2021) (Rosenthal, Chief J.) (denying compassionate release to high-risk inmate who was offered and refused vaccine); *United States v. Wedding*, 2:19-CR-1693 (S.D. Tex. Apr. 8, 2021) (Ramos, J.) (denying compassionate release to inmate who developed asymptomatic COVID-19 infection three weeks after receiving second vaccine). Because Defendant is "at little-to-no risk of severe COVID-19" after being fully vaccinated against the virus, "there are no 'extraordinary and compelling reasons' justifying a compassionate release in this case." *United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021).[2]

---

2. Recent decisions across the country overwhelmingly agree that the risk posed by COVID-19 to a vaccinated inmate is not an extraordinary and compelling reason for release. *See, e.g., United States v. Burks*, 2021 WL 1394857, at *3-4 (W.D.N.C. Apr. 13, 2021); *United States v. Gomez-Vega*, 2021 WL 1339394, at *3 (D.N.M. Apr. 9, 2021); *United States v. Burks*, 2021 WL 1291935, at *2 (D. Minn. Apr. 7, 2021); *United States v. Jones*, 2021 WL 1172537, at *2 (E.D. La. Mar. 29, 2021); *United States v. Miller*, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021); 2021 WL 1110593, at *1 (W.D. Pa. Mar. 23, 2021); *United States v. Decano*, 2021 WL 1095979, at *6 (D. Haw. Mar. 22, 2021); *United States v. Williams*, 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021); *United States v. Gabbard*, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021); *United States v. Kosic*, 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021); *United States v. Stewart*, 2021 WL 1011041, at *1 (D. Haw. Mar. 16, 2021); *United States v. Godoy-Machuca*, 2021 WL 961780, at *2 (D. Ariz. Mar. 15, 2021); *United States v. Williams*, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021); *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021); *United States v. Cardoza*, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021); *United States v. Poupart*, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021); *United States v. Johnson*, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021); *United States v. Shepard*, 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021); *United States v. Lipscomb*, 2021 WL 734519, at *2 (M.D. Fla. Feb. 25, 2021); *United States v. Cortez*, 2021 WL 689923 (D. Ariz. Feb. 23, 2021); *United States v. Wakefield*, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021); *United States v. Grummer*, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021); *United States v. Ballenger*, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021).

Defendant also complains that rehabilitative programming in the BOP has been cancelled, she has "been placed in quarantine (23 hour/day) lockdown," and "it feels as if time is standing still and I am wasting a lot of time due to COVID." D.E. 144, p. 2. With respect to motions for compassionate release based on COVID-19, "the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person." *United States v. Koons*, 455 F. Supp. 3d 285, 291 (W.D. La. 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

Defendant further claims that she has three school-age children at home, another daughter is expecting a baby, and her disabled grandmother needs help at home. Defendant's administrative requests for compassionate release cited her own vulnerability to COVID-19 infection; however, there is no evidence that she requested compassionate release based on her family circumstances. *See* D.E. 159-2, 159-3. "Courts in the Southern District of Texas have ruled that defendants who move for compassionate release still need to initially petition the BOP and, subsequently, fully exhaust their administrative rights to appeal or wait for 30 days to lapse from such a petition in order to bring a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)." *United States v. Gomez*, 2020 WL 2061537, at *1 (S.D. Tex. Apr. 29, 2020) (citing *United States v. Licciardello*, 2020 WL 1942787 (S.D. Tex. Apr. 22, 2020); *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020)). Because Defendant has failed to comply with the

exhaustion requirements under § 3582 with regards to her family circumstances, this claim is not ripe for review, and the Court is without jurisdiction to grant compassionate release on this basis.

Finally, Defendant emphasizes that she has been incident-free while in custody, has completed the Residential Drug Abuse Program and other educational classes, and has no pending charges, warrants, or detainers. Defendant's efforts at rehabilitation are commendable; however, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

## IV. CONCLUSION

For the foregoing reasons, Defendant's letter motion for compassionate release (D.E. 144), Emergency Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) (D.E. 147), and letter motion for sentence reduction (D.E. 163) are **DENIED**.

So **ORDERED** on ____June 25, 2021_____.

                                            _____
                                            NELVA GONZALES RAMOS
                                            UNITED STATES DISTRICT JUDGE